UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL CHOATE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV79 HEA |
| | ) | |
| FIRST STUDENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss, [Doc. No. 15]. Plaintiff, who is proceeding *pro se* in this matter,[1] has filed a response to the Motion. For the reasons set forth below, the Motion is denied.

## **Facts and Background**

Plaintiff's Complaint alleges that he was discriminated against based on his race when his employment with Defendant was terminated on June 12 or 13, 2005. Plaintiff asserts that he believes his civil rights were violated because he was

---

[1] Plaintiff filed a second Motion for Appointment of Counsel, [Doc. No. 21], on November 27, 2006. This Court has previously denied appointment of counsel. There is no constitutional or statutory right to the appointment of counsel in a civil case. *See generally, Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In considering a motion to appoint counsel for an indigent party, the court should "determine whether the nature of the litigation is such that [ the party] as well as the court will benefit from the assistance of counsel." *Id.*, at 1005. Plaintiff alleges in his Complaint that he was discriminated based on his race when his employment with Defendant was terminated. The facts appear relatively straightforward and the issues involved herein do not appear at this time to be extraordinarily complex such that the appointment of counsel would be warranted. Accordingly, the Court denies plaintiff's Motion for Appointment of Counsel, without prejudice.

involved in a "wreck."  Plaintiff claims he was discharged and the other individual involved, a white employee, was not discharged.

Plaintiff filed a Chapter 7 Bankruptcy Proceeding on April 12, 2005. *In re Bankruptcy of Nathaniel Choate*, Bankruptcy Petition 05-10678 (E.D. Mo. Southeastern Division).[2] He received a discharge from the Bankruptcy Court for the Eastern District of Missouri on August 12, 2005.

Defendant moves to dismiss pursuant to Rules 12(b)(1) and (6) for lack based on lack of standing and judicial estoppel.  Defendant argues that only the Trustee in Plaintiff's Bankruptcy proceeding has standing to pursue this claim. Alternatively, Defendant argues that Plaintiff should be judicially estopped from bringing this action because Plaintiff failed to advise the Bankruptcy Trustee of this potential asset for the Bankruptcy Estate, which accrued during the pendency of the Bankruptcy.

## Standard of Review

When considering a motion to dismiss whether on the grounds of lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6), the Court must take the material allegations of the complaint as true and liberally construe the complaint in plaintiff's favor. *Rucci v. City of Pacific*,

---

[2] "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 699 (8th Cir.2003); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir.2002).

327 F.3d 651 652 (8th Cir. 2003); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994); *Scheuer v. Rhodes,*, 416 U.S. 232 (1974).

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998));

*McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

## Discussion

The filing of a bankruptcy petition results in the creation of a bankruptcy estate. Upon such filing, all assets of the debtor, including potential causes of action, become an asset of the bankruptcy estate. See 11 U.S.C. § 541(a); *United States ex rel. Gebert v. Transp. Admin. Servs.*, 260 F.3d 909, 913 (8th Cir.2001) ("[T]he property of the estate includes all causes of action that the debtor could have brought at the time of the bankruptcy petition."). Debtors have an affirmative obligation to disclose all of their assets to the bankruptcy court. See 11 U.S.C. § 521(a)(1)(B). Failure to disclose acts as an affirmative statement that no cause of action exists, a position inconsistent with a later attempt to enforce the cause of action in a separate proceeding.

## Standing

Defendant argues that this Court lacks subject matter jurisdiction because, according to Defendant, Plaintiff lacks standing to sue. Defendant's theory suggests that because this cause of action accrued during the pendency of the Bankruptcy proceeding, it necessarily became part of the Bankruptcy Estate, which encompasses all nonexempt assets of a debtor in bankruptcy.

A potential legal claim is undisputedly an asset and should be claimed as such in a bankruptcy petition.  As the Eighth Circuit has made clear, "the property of the bankruptcy estate includes all causes of action that the debtor *could have brought* at the time of the bankruptcy petition."  *United States ex rel. Gebert v. Transport Admin. Servs.,* 260 F.3d 909, 913 (8th Cir.2001) (emphasis added).  An asset that is the property of the bankruptcy estate is no longer the property of the debtor and the bankruptcy trustee must determine whether to pursue the asset. Thus, the legal claim no longer belongs to the debtor, but rather to the estate.

In *Delaware State College v. Ricks,* 449 U.S. 250 (1980), the Supreme Court considered, in a Title VII context, whether a cause of action for discrimination accrued when the plaintiff, was denied tenure, allegedly on discriminatory grounds, or when his employment contract expired a year later. The Court held that the statute began to run once the denial of tenure, the allegedly unlawful act, was communicated to the plaintiff.  *Id.* at 258.  In the context of a discrimination action, the Eighth Circuit, following *Ricks,* has held that the limitations period for the filing of such an action begins to run when the plaintiff receives notice of a termination decision.  *Wilson v. Westinghouse Elec. Corp.,* 838 F.2d 286, 288 (8th Cir.1988). "Thus, the accrual date is simply the date on which the adverse employment action is communicated to the plaintiff. *See Hamilton v. 1st Source Bank,* 928 F.2d 86, 88-89 (4th Cir.1990) ("To the extent that notice enters the analysis, it is notice of the

employer's actions, not the notice of a discriminatory effect or motivation that establishes the commencement of the pertinent filing period."); *see also Hulsey v. Kmart,* 43 F.3d 555, 557 (10th Cir.1994); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1386 (3d Cir.1994)." *Dring v. McDonnell Douglas Corp.* 58 F.3d 1323, 1327-28 (8th Cir. 1995).

In this case, however, the employment discrimination claim *had not* accrued prior to the filing of the Bankruptcy proceeding. Plaintiff filed his Bankruptcy petition on April 12, 2005. He was discharged, allegedly based on a discriminatory reason, on June 12 or 13, 2005. Thus, the cause of action could not have accrued at the time of the filing of the Bankruptcy petition and is therefore not an asset of the estate.

## Judicial Estoppel

Defendant contends that Plaintiff is judicially estopped from asserting his discrimination claim because he failed to add the claim as an asset in his bankruptcy schedules. Judicial estoppel bars a litigant from asserting a position in one proceeding and later asserting an inconsistent position in another proceeding. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001); *Rissetto v. Plumbers & Steamfitters Local 343,*

94 F.3d 597, 600-601 (9th Cir. 1996). The Eighth Circuit has held that "[t]he purpose of judicial estoppel is to protect the integrity of the judicial process." *Asa-Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 745 (8th Cir. 2003), citing *Hossaini v. W. Mo. Med. Ctr.*, 140 F.3d 1140, 1143 (8th Cir.1998). Judicial estoppel bars the assertion of inconsistent positions in the same litigation, and further bars litigants from making incompatible statements in two different cases. *Rissetto*, 94 F.3d at 605 ("We now make it explicit that the doctrine of judicial estoppel is not confined to inconsistent positions taken in the same litigation"); *Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.*, 910 F.2d 1540, 1548 (7th Cir.1990) (estoppel is even more appropriate where the incompatible statements are made in two different cases, since "[i]nconsistent positions in different suits are much harder to justify" than inconsistent pleadings within one suit).

Defendant's judicial estoppel argument, however, must fail. Because Plaintiff's discrimination claim had not yet accrued at the time of the filing of the Bankruptcy petition, there is no inconsistent position being asserted in this case. At the time of the filing of the petition, Plaintiff indeed could <u>not</u> have listed this action as an asset because it had not yet accrued. Accordingly, there was nothing to disclose with regard to Plaintiff's discrimination action.

## Conclusion

Based upon the foregoing analysis, Defendant has failed to establish that this action is barred by lack of standing and judicial estoppel.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. No. 15], is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, [Doc. No. 21], is denied, without prejudice.

Dated this 4th day of December, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE